1  Frank N. Lee, Esq. (SBN 122230)
   LAW OFFICE OF FRANK N. LEE
2  3435 Wilshire Blvd., Suite 450
   Los Angeles, CA  90010
3  franknlee@gmail.com
   (213) 487-9777 (tel)
4  (213) 487-9776 (fax)

5  Attorney for Plaintiff
   SALT & PEPPER CLOTHING, INC.

6

7

8                    **UNITED STATES DISTRICT COURT**

9                    **CENTRAL DISTRICT OF CALIFORNIA**

10

11  SALT & PEPPER CLOTHING, INC., a          Case No.: 2:16-cv-05595
    California Corporation
12
                  Plaintiff,               PLAINTIFF'S COMPLAINT FOR:
13
14           vs.                           1.  COPYRIGHT INFRINGEMENT;
                                           2.  VICARIOUS AND/OR
15  KVM INTERNATIONAL FASHIONS,                CONTRIBUTORY COPYRIGHT
    LTD., a California Corporation, SKC &      INFRINGEMENT
16  SONS, INC., a California Corporation
    and DOES 1-10 inclusive,
17                                         Jury Trial Demanded
                  Defendant.
18

19

20

21

22

23

24

25

26

27

28

                                    1

Plaintiff, SALT & PEPPER, INC., (hereinafter "SALT & PEPPER" or "Plaintiff"), by and through is undersigned attorneys, hereby prays to this honorable Court for relief based on the following:

## INTRODUCTION

Plaintiff creates and obtains rights to unique two-dimensional graphic artworks for use on textiles, which textiles are transacted primarily in the fashion industry. Plaintiff owns these designs in exclusivity and makes sales of products bearing these designs for profit.  Plaintiff's business is predicated on its ownership of these designs and it spends a considerable amount of time and resources creating and obtaining top quality, marketable and aesthetically- appealing designs.

Ongoing and potential customers of Plaintiff obtain design samples from the company with the understanding and agreement that they will only utilize SALT & PEPPER to reproduce said designs should they wish to do so and will not seek to print the designs elsewhere, or make minor changes to Plaintiff's proprietary work to reproduce the same elsewhere.

Despite this agreement, and SALT & PEPPER's exclusive ownership of the copyrights in its designs, parties will still exploit and print SALT & PEPPER 's exclusive designs through third parties domestically and abroad.  The Defendant in this case have imported, purchased, and sold without permission product bearing Plaintiff's proprietary, registered textile designs.

## JURISDICTION AND VENUE

1.    This action arises under the Copyright Act of 1976, Title 17 U.S.C., § 101 *et seq.*

2.    This Court has federal question jurisdiction under 28 U.S.C. § 1331 and 1338 (a) and (b).

3.    Venue in this judicial district is proper under 28 U.S.C. § 1391 (c) and 1400 (a) in that this is the judicial district in which a substantial part of the acts and omissions giving rise to the claims occurred.

## PARTIES

4.     Plaintiff SALT & PEPPER, INC. is a corporation organized and existing under the laws of the State of California with its principal place of business in Los Angeles County.

5.     Plaintiff is informed and believes and thereon alleges that Defendant KVM INTERNATIONAL FASHIONS, LTD., ("KVM") is a California corporation organized and existing under the laws of the State of California and is doing business in and with the state of California.

6.  Plaintiff is informed and believes and thereon alleges that Defendant SKC & SONS, INC., ("SKC") is a California corporation organized and existing under the laws of the State of California and is doing business in and with the state of California.

7.     Plaintiff is informed and believes and thereon alleges that Defendants DOES 1-5, inclusive, is a manufacturer, and/or a vendor (and/or agent or employee to a manufacturer or vendor) of garments to Defendant, which DOE Defendants have manufactured and/or supplied and are manufacturing and/or supplying fabrics and other product printed with Plaintiff's copyrighted designs (as hereinafter defined) without Plaintiff's knowledge or consent or have contributed to said infringement.  The true names, whether corporate, individual or otherwise of Defendants DOES 1-10, inclusive, are presently unknown to Plaintiff, which therefore sues said Defendants by such fictitious names and will seek leave to amend this complaint to show their true names and capacities when same have been ascertained.

8.  Defendants DOES 6 through 10, inclusive, are other parties not yet identified who have infringed Plaintiff's copyrights, have contributed to the infringement of Plaintiff's copyrights, or have engaged in one or more of the wrongful practices alleged herein.  The true names, whether corporate, individual or otherwise, of Defendants 1 through 10, inclusive, are presently unknown to Plaintiff, which therefore sues said Defendants by such fictitious names, and will seek leave to amend

1   this Complaint to show their true names and capacities when same have been
2   ascertained.

3       9.      Plaintiff is informed and believes and thereon alleges that at all times
4   relevant hereon each of the Defendants was the agent, affiliate, officer, director,
5   manager, principal, alter-ego, and/or employee of the remaining Defendants and was at
6   all time acting within the scope of such agency, affiliation, alter-ego relationship
7   and/or employment; and actively participated in or subsequently ratified and adopted,
8   or both, each and all of the acts or conduct alleged, with full knowledge of all the facts
9   and circumstances, including, but not limited to, full knowledge of each and every
10  violation of Plaintiff's rights and the damages to Plaintiff proximately caused thereby.

11
12              **CLAIMS RELATED TO "EM1144 SNP2655" DESIGN**
13       Prior to the conduct complained of herein, Plaintiff composed an original
14  two-dimensional artwork for purposes of textile printing.  The name of this original
15  design is "EM1144 SNP2655" ("Subject Design").  A true and correct image of the
16  Subject Design has been attached hereto as Exhibit 1.

17      10.   Plaintiff received a certificate of copyright registration for the Subject
18  Design effective on January 20, 2015. The Subject Design was granted the assignment
19  of Registration No. Vau 1-194-806.  A true and correct copy of said registration is
20  attached hereto as Exhibit 2.

21      11.   Prior to the acts complained of herein, Plaintiff sampled and sold fabric
22  bearing Subject Design to numerous parties in the fashion and apparel industry.

23      12.   Following this distribution of samples and products bearing Subject
24  Design, Plaintiff's investigation revealed that certain Defendants were manufacturing,
25  purchasing, distributing, and selling for profit, garments bearing illegal reproductions
26  and derivations of that design, including without limitation the following:

27          a.   Garment sold through Pacific Sunwear of California, Inc. with style #
28              R1679-72FB-001, RN#58153, and "RAGA" label.

b. Garment sold through RAGA online store, referred to as "Silver Lake Romper" with style # R1679-72FB-001, RN#58153, and "RAGA" label.

13.   Plaintiff is informed, believes and thereon alleges that the above-referenced garments were sold by Defendant in numerous styles, sizes, cuts and colors, and notes that the garments at issue in this case are garments that Defendant created, manufactured, caused to be manufactured, imported, distributed, and/or sold that may infringe Plaintiff's rights in Subject Design.  Exemplars of the infringing garments referenced above are attached hereto as Exhibit 3.

## FIRST CLAIM FOR RELIEF

(For Copyright Infringement- Against All Defendants)

14.   Plaintiff repeats, re-alleges, and incorporates herein by reference as though fully set forth the allegations contained in Paragraphs 1 through 13, inclusive, of this Complaint.

15.   Plaintiff is informed and believes and thereon alleges that Defendant had access to Subject Design (hereinafter "Subject Design"), including, without limitation, through (a) access to Plaintiff's showroom and/or design library; (b) access to illegally distributed copies of the Subject Design by third-party vendors and/or DOE Defendant, including but not limited to international and/or overseas converters and printing mills;  (c) access to Plaintiff's strike-offs and samples, and (d) access to garments manufactured with fabric lawfully printed through Plaintiff.

16.   Plaintiff is informed and believes and thereon alleges that Defendant infringed on Plaintiff's copyright by creating, making, and/or developing directly infringing and/or derivative works from Subject Design and by producing, distributing and/or selling fabric and/or garments which infringe Subject Design through a nationwide network of retail sores and on-line websites.

17.   Due to Defendant's acts of infringement, Plaintiff has suffered substantial damages to its business in an amount to be established at trial.

18.   Due to Defendant's acts of infringement, Plaintiff has suffered general

and special damages in an amount to be established at trial.

19.    Due to Defendant's acts of copyright infringement as alleged herein, Defendant has obtained direct and indirect profits they would not otherwise have realized but for their infringement of Subject Design.  As such, Plaintiff is entitled to disgorgement of Defendant's profits directly and indirectly attributable to Defendant's infringement of Subject Design in an amount to be established at trial.

20.    Plaintiff is informed and believes and thereon alleges that Defendant, has continued to import, manufacture, cause to be manufactured and/or sell Infringing Garments after Plaintiff demanded they cease and desist from engaging the same. Therefore, Defendant's acts of copyright infringement as alleged above were, and continue to be, willful, intentional and malicious, which further subjects Defendant, and each of them, to liability for statutory damages under Section 504(c)(2) of the Copyright Act in the sum up to one hundred fifty thousand dollars ($150,000) per infringement.  Further, Defendant and its willful and intentional misappropriation and/or infringement of Plaintiff's copyrighted Subject Design renders Defendant, and each of them, liable for statutory damages as described above.  Within the time permitted by law, Plaintiff will make its election between actual and statutory damages.

## SECOND CLAIM FOR RELIEF

(For Vicarious and/or Contributory Copyright Infringement – Against All Defendants)

21.    Plaintiff repeats, re-alleges, and incorporates herein by reference as though fully set forth the allegations contained in the Paragraphs 1-21  of this Complaint.

22.    Plaintiff is informed and believes and thereon alleges that Defendant knowingly induced, participated in, aided and abetted in and profited form the illegal reproduction and/or subsequent sales of product featuring the Subject Design as alleged hereinabove.

23.    Plaintiff is informed and believes and thereon alleges that Defendant, is vicariously liable for the infringement alleged herein because it had the right and ability to supervise the infringing conduct and because they had a direct financial interest in the infringing conduct.

24.    By reason of the Defendant' and each of their acts of contributory and vicarious infringement as alleged above, Plaintiff has suffered and will continue to suffer substantial damages to its business in the amount to be established at trial, as well as additional general and special damages in an amount to be established at trial.

25.    Due to Defendant's acts of copyright infringement as alleged herein, Defendant has obtained direct and indirect profits they would not otherwise have realized but for their infringing of the Subject Design.  As such, Plaintiff is entitled to disgorgement of Defendant's profits directly and indirectly attributable to Defendant's infringement of the Subject Design, in an amount to be established at trial.

26.    Plaintiff is informed and believes and thereon alleges that Defendant has continued to import, manufacture, cause to be manufactured and/or sell Infringing Garments after Plaintiff demanded they cease and desist from engaging the same. Therefore, Defendant's acts of copyright infringement as alleged above were, and continue to be, willful, intentional and malicious, which further subjects Defendant, and each of them, to liability for statutory damages under Section 504(c)(2) of the Copyright Act in the sum up to one hundred fifty thousand dollars ($150,000) per infringement.  Further, Defendant and its willful and intentional misappropriation and/or infringement of Plaintiff's copyrighted Subject Design renders Defendant liable for statutory damages as described above.  Within the time permitted by law, Plaintiff will make its election between actual and statutory damages.

### **PRAYER FOR RELIEF**

Wherefore, Plaintiff prays for judgment as follows:

### ***Against all Defendants***

1.  <u>With Respect to Each Claim for Relief</u>

    a.  That Defendant, their agents and employees be enjoined from infringing Plaintiff's copyrights in any manner, specifically those for Subject Design;

    b.  That Plaintiff be awarded all profits of Defendant plus all losses of Plaintiff, plus any other monetary advantage gained by the Defendant through their infringement, the exact sum to be proven at the time of trial, or, if elected before final judgment, statutory damages as available under the Copyright Act, 17 U.S.C. § 101 et seq.;

    c.  That Plaintiff be awarded its attorneys' fees as available under the Copyright Act U.S.C.§ 101 et seq.;

    d.  That Defendant, and each of them, account to Plaintiff for their profits and any damages sustained by Plaintiff arising form the foregoing acts of infringement;

    e.  That Plaintiff be awarded pre-judgment interest as allowed by law;

    f.  That Plaintiff be awarded costs of this action; and

    g.  That Plaintiff be awarded such further legal and equitable relief as the Court deems proper.

Plaintiff demands a jury trial pursuant to Fed. R. Civ. P. 38 and the 7th Amendment to the United States Constitution.


Dated: July 27, 2016

                        By: _/s/ Frank N. Lee_____

                        Frank N. Lee, Esq. (SBN 122230)

                        Attorney for Plaintiff

                        Salt & Pepper Clothing, Inc.

PLAINTIFF'S COMPLAINT